J. W. PHARES V. O. A. CORTRIGHT.

No. 15,057.  (90 Pac. 784.)

SYLLABUS BY THE COURT.

TAX SALE—*"Cost of Redemption."* The expression "cost of re-
demption," as used in section 7649 of the General Statutes
of 1901, means the amount the land sold for, with interest
added, and does not include the fee of the county treasurer
for the certificate of assignment nor his fee for a certificate
of redemption.

Error from Trego district court; JAMES H. REEDER,
judge. Opinion filed June 8, 1907. Affirmed.

*Chambers & Chambers,* for plaintiff in error.

*Lee Monroe,* and *George A. Kline,* for defendant in
error.

The opinion of the court was delivered by

PORTER, J.: The action was ejectment, and the va-
lidity of a tax deed is the only question involved. It
turns upon the question whether the words "cost of
redemption" in the statute providing for redemption
from tax sales includes the treasurer's fee of ten cents
for the certificate of assignment and a fee of twenty-
five cents for a certificate of redemption. The deed
was based upon a tax sale to the county, which the
treasurer assigned. It fails to recite that either of
these fees was paid. Plaintiff in error contends that
both are included in the cost of redemption, and that
the court erred in holding the deed valid. On the other
hand the contention is that neither of these items is
included in the term. The language of section 7649 of
the General Statutes of 1901 is as follows:

"Whenever any person shall pay into the county
treasury a sum of money equal to the cost of redemp-
tion at that time of any such tract of land or town
lot, the county treasurer shall give such person a cer-
tificate."

Section 7662 fixes the cost of redemption when made by the owner, and no subsequent taxes and charges have been made, in the following words:

"The amount for which said land was sold, . . . with interest at the rate of fifteen per cent. per annum on the amount of the purchase-money of sale."

The tax deed recites that the assignee paid to the treasurer the sum of $10.12, which was the exact amount of the price sold for, with interest. It is manifest that the cost of redemption to the owner, had he redeemed on the same day, would not have included any fee for a certificate of assignment, for the owner would not require such a certificate. If, therefore, plaintiff in error is correct in his contention, the expression "cost of redemption" would mean a different amount when applied to the owner than when applied to another person. Construing both sections of the statute together, there is no ambiguity. The cost of redemption is fixed at a sum equal to the amount of the sale, with interest. The same considerations compel the conclusion that the twenty-five cent fee of the treasurer for a redemption certificate is not included within the term. In the present case, to include the latter would be adding to the cost something not actually paid, because, obviously, no redemption certificate was issued.

The judgment is affirmed.